**PELTON GRAHAM LLC**
Brent E. Pelton (BP 1055)
Taylor B. Graham (TG 9607)
111 Broadway, Suite 1503
New York, NY 10006
Telephone: (212) 385-9700
www.PeltonGraham.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IVAN MARTINEZ and JOSE CANDIA, Individually and on Behalf of All Others Similarly Situated,<br><br>      **Plaintiffs**,<br><br>-against-<br><br>TB 584 AMSTERDAM REST. CORP. d/b/a BODRUM MEDITERRANEAN RESTAURANT, HUSEYIN OZER and TURGUT BALIKCI, Jointly and Severally,<br><br>      **Defendants.** | **CLASS & COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiffs Ivan Martinez and Jose Candia (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, as class representatives, upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

## I. INTRODUCTION

1. Plaintiffs are former cooks, bussers and delivery employees at Defendants' restaurant located in the Upper West Side neighborhood of Manhattan. While working for Defendants, Plaintiffs were typically paid by a combination of check and cash and were not paid minimum wages for all hours worked or overtime premiums for hours worked over forty (40) in a given workweek. Plaintiffs also did not receive spread-of-hours premiums when they worked shifts of ten (10) or more hours per day and did not receive wage notices and proper wage statements.

2. Plaintiffs bring this action to recover unpaid minimum wages and overtime premium pay owed to them pursuant to both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the New York Labor Law ("NYLL"), §§ 650 *et seq.* Plaintiffs also bring claims for unpaid spread-of-hours premiums and for failure to provide proper wage notices and wage statements pursuant to NYLL §§ 190 *et seq.* and the supporting regulations.

3. Plaintiffs bring their FLSA claims on behalf of themselves and all other similarly situated employees of Defendants and their NYLL claims on behalf of themselves and a Federal Rule of Civil Procedure 23 ("Rule 23") class of all non-management employees working for Defendants in New York.

## II. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, and 1343, and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial

portion of the events or omissions giving rise to the claims occurred in this district and Defendants' business is located in this district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

### III. THE PARTIES

**A. Plaintiffs:**

7. Plaintiff Ivan Martinez ("Martinez") was, at all relevant times, an adult individual residing in Kings County, New York.

8. Plaintiff Jose Candia ("Candia") was, at all relevant times, an adult individual residing in Bronx County, New York

9. During the relevant time period, Plaintiffs performed work for Defendants at Bodrum Mediterranean Restaurant, located at 584 Amsterdam Avenue, New York, New York 10024.

10. Plaintiffs consent in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b), and their consent forms are attached hereto.

**B. Defendants:**

11. TB 584 Amsterdam Rest. Corp. d/b/a Bodrum Mediterranean Restaurant ("Bodrum" or the "Corporate Defendant") is an active New York Business Corporation and, according to the New York State Department of State Division of Corporations, maintains a principal executive office at 584 Amsterdam Avenue, New York, New York 10024.

12. Defendant Huseyin Ozer ("Ozer") is an owner and operator of the Corporate Defendant who sets the Corporate Defendant's payroll policies, including the unlawful practices complained of herein.

13. Defendant Turgut Balikci ("Balikci" and together with Ozer, the "Individual Defendants" and, together with Bodrum, the "Defendants") is an owner and operator of the Corporate Defendant who sets the Corporate Defendant's payroll policies, including the unlawful practices complained of herein.

14. The Individual Defendants have been owners, directors, officers and/or majority shareholders of Corporate Defendant throughout the Class and Collective Action Periods.

15. The Individual Defendants participated in the day-to-day operations of the Corporate Defendant and acted intentionally and maliciously in their direction and control of Plaintiffs and Defendants' other similarly situated employees

16. The Individual Defendants set Plaintiffs' terms and conditions of employment and were responsible for Defendants' failure to pay all required minimum wages, overtime premiums and spread-of-hours pay, as well as Defendants' failure to provide wage notices and wage statements.

17. Based upon their role directing and controlling Plaintiffs and Defendants' other employees, the Individual Defendant is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as the NYLL § 2 and the regulations thereunder, and as such is jointly and severally liable with the Corporate Defendant.

18. Upon information and belief, the Individual Defendants were involved in the direct supervision and control of Defendants' employees, had the power to hire and fire employees, determined the rate and method of employee pay and maintained Defendants' payroll records.

19. At all relevant times, the Corporate Defendant has been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

20. Upon information and belief, at all relevant times, each of the Corporate Defendants has had gross revenues in excess of $500,000.00.

21. At all relevant times, Defendants employed and/or continue to employ Plaintiffs and each Collective Action Member within the meaning of the FLSA, 29 U.S.C. § 203(d).

22. All actions and omissions described in this complaint were made by Defendants directly or through their supervisory employees and agents.

23. At all relevant times, the Corporate Defendant has used goods and materials produced in interstate commerce, and have employed two or more individuals who handled these goods and materials.

## IV. FLSA COLLECTIVE ACTION ALLEGATIONS

24. Pursuant to 29 U.S.C. §§ 206, 207 & 216(b), Plaintiffs bring their First and Second Causes of Action as a collective action under the FLSA on behalf of themselves and the following collective:

> All persons employed by Defendants at any time since May 2, 2014 and through the entry of judgment in this case (the "Collective Action Period") who worked as non-management employees (the "Collective Action Members").

25. A collective action is appropriate in this circumstance because Plaintiffs and the Collective Action Members are similarly situated, in that they were all subjected to Defendants' illegal policies of failing to pay minimum wages for all hours worked and overtime premiums for work performed in excess of forty (40) hours each week. As a result of these policies, Plaintiffs and the Collective Action Members did not receive the legally-required minimum wages and overtime premium payments for all hours worked in excess of forty (40) hours per week.

26. Plaintiffs and the Collective Action Members have substantially similar job duties and are paid pursuant to a similar, if not the same, payment structure.

## V. RULE 23 CLASS ACTION ALLEGATIONS

27. Pursuant to the NYLL, Plaintiffs bring their Third through Seventh Causes of Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and the following class:

> All persons employed by Defendants in New York at any time since May 2, 2011 and through the entry of judgment in this case (the "Class Period") who worked as non-management employees (the "Class Members").

28. <u>The Class Members are readily ascertainable</u>. The number and identity of the Class Members are determinable from the records of Defendants. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Federal Rule of Civil Procedure 23.

29. <u>The Class Members are so numerous that joinder of all members is impracticable</u>.

30. Upon information and belief, there are in excess of forty (40) Class Members.

31. <u>Common questions of law and fact exist as to all Class Members and predominate over any questions solely affecting individual Class Members</u>. Such common questions will determine Defendants' liability to all (or nearly all) Class Members. These common questions include:

   a. whether Defendants employed Plaintiffs and the Class Members within the meaning of the NYLL;

   b. whether Defendants failed to keep true and accurate pay and time records for all hours worked by Plaintiffs and the Class Members;

   c. whether Defendants failed and/or refused to pay Plaintiffs and the Class Members not less than minimum wages for all hours worked each workweek;

   d. whether Defendants failed to properly notify Plaintiffs and the Class Members that

6

they were relying on the tip-credit to compensate them at less than the regular minimum wage for all hours worked.

e. whether Defendants failed and/or refused to pay Plaintiff and the Class Members overtime premiums for hours worked in excess of forty (40) hours per workweek;

f. whether Defendants failed to pay Plaintiff and the Class Members an extra hour of minimum wage when working shifts in excess of ten (10) hours or split shifts;

g. whether Defendants failed to provide proper wage notice to Plaintiffs and Class Members at the beginning of their employment and/or on February 1 of each year as required by the NYLL;

h. whether Defendants' failure to properly pay Plaintiffs and the Class Members lacked a good faith basis; and

i. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory damages, liquidated damages, interest, costs and disbursements and attorneys' fees.

32. <u>Plaintiffs' claims are typical of the Class Members' claims</u>. Plaintiffs, like all Class Members, are restaurant employees of Defendants who worked for Defendants pursuant to their corporate policies. Plaintiffs, like all Class Members, were, *inter alia*, not paid minimum wages for all hours worked, overtime premium pay for hours worked over forty (40) hours in a given workweek, not paid spread-of-hours premiums and did not receive proper wage statements and wage notices. If Defendants are liable to Plaintiffs for their claims enumerated in this Complaint, they are also liable to all Class Members.

33. <u>Plaintiffs and their Counsel will fairly and adequately represent the Class</u>. There are no conflicts between Plaintiffs and the Class Members, and Plaintiffs bring this lawsuit out of

7

a desire to help all Class Members, not merely out of a desire to recover their own damages.

34. Plaintiffs' counsel are experienced class action litigators who are well-prepared to represent the interests of the Class Members.

35. <u>A class action is superior to other available methods for the fair and efficient adjudication of this litigation</u>.

36. Defendants are sophisticated parties with substantial resources. The individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

37. The individual members of the Class have no interest or capacity to bring separate actions; Plaintiffs are unaware of any other litigation concerning this controversy; it is desirable to concentrate the litigation in one case; and there are no likely difficulties that will arise in managing the class action.

## VI. **STATEMENT OF FACTS**

**A. Defendants' Restaurant**

38. At all relevant times, Defendants have been in the food service business.

39. Upon information and belief, the Individual Defendants have owned, operated, and managed Bodrum throughout the relevant time period.

40. The Individual Defendants are a constant presence in the restaurant and take an active role in ensuring that the restaurants are run in accordance with his procedures and policies.

41. According to Defendants' website, Bodrum is open Monday through Wednesday from 11:30 am to 10:15 pm, Thursday through Saturday from 11:30 am to 10:45 pm and Sunday from 11:30 am to 10:15 pm. (https://bodrumnyc.com/hours-directions/).

42. According to the New York State Department of State Division of Corporations,

TB 584 Amsterdam Rest. Corp. initial DOS filing date is July, 11 2006.

**B.     Plaintiffs' Work for Defendants**

43.     **Plaintiff Martinez** worked for Bodrum as a cook from in or around 2007 through on or about February 24, 2017 (the "Martinez Employment Period").

44.     From the beginning of the Martinez Employment Period through in or around the end of January 2017, Plaintiff was typically required to work Monday, Tuesday, Wednesday, Friday and Saturday from approximately 3:00 pm through approximately 11:00 pm and Sunday (sometimes Wednesday) from approximately 11:00 am through approximately 11:00 pm, for a total of approximately forty-nine (49) hours per week.

45.     Thereafter until the end of the Martinez Employment Period, Plaintiff typically worked a total of approximately forty (40) hours per week.

46.     Throughout the relevant time period, Plaintiff was paid approximately $17.50 per hour in a combination of check and cash.

47.     **Plaintiff Candia** worked for Bodrum as a busser, delivery employee and pizza cook from in or around the summer of 2013 through in or around the beginning of 2016 (the "Candia Employment Period").

48.     During approximately the first year of the Candia Employment Period, Candia worked as a busser and delivery employee. Thereafter until the end of the Candia Employment Period, Candia worked as pizza cook.

49.     During the time when Candia worked as a busser and delivery employee, Candia typically worked four (4) days per week from approximately 4:00 pm through approximately 10:00 pm and one (1) day from approximately 11:00 am through approximately 10:00 pm, for a total of approximately thirty-three (33) hours per week.

50. During the time when Candia worked as a pizza cook, Candia typically worked Monday from approximately 11:00 am through approximately 10:00 pm, Thursday from approximately 3:00 pm through approximately 10:45 pm and Wednesdays, Fridays and Sundays from between approximately 10:00 am and 11:00 am through approximately 5:00 pm and sometimes later, for a total of approximately forty-four (44) hours per week.

51. During the time when Candia worked as a busser and delivery employee, for his work, Candia was paid $5.00 per hour plus tips.

52. During the time when Plaintiff Candia worked as a busser and delivery employee, Plaintiff was not notified that Defendants were relying on the tip-credit to compensate him at less than the regular minimum wage for all hours worked.

53. As such, during the time when Candia worked as a busser and delivery employee, Plaintiff was not paid the applicable minimum wages for all hours worked.

54. During the time when Candia worked as a pizza cook, for his work, Candia was paid between $12.00 and $13.00 per hour, in a combination of check and cash.

55. Throughout their respective employment periods, Plaintiffs worked in excess of forty (40) hours per week and did not receive overtime premiums of one and one-half their hourly rate for hours over forty (40) each week.

56. Plaintiffs also did not receive spread-of-hours premiums when they worked shifts of ten (10) or more hours per day or split shifts.

57. Throughout all relevant times, Plaintiffs were required to clock in on a time-keeping machine.

58. Despite the fact that Plaintiffs were required to clock in and out, their paystub typically showed an incorrect hourly rate and/or number of hours worked. Defendants thus failed

to provide Plaintiffs with proper wage statements stating the correct hourly rate of pay, overtime rate of pay and number of hours worked each week

59. Throughout the relevant time period, Defendants failed to provide Plaintiffs with a proper wage statement and wage notice on their date of hire and/or February 1 of each year.

**C.   Defendants' Unlawful Corporate Policies**

60. Plaintiffs and the Class Members were subjected to the same corporate policies of Defendants, including failing to pay minimum wages, overtime premiums, spread-of-hours premiums and failing to provide proper wage statements and wage notices.

61. Plaintiffs have spoken with other non-management employees of Defendants, who similarly were not properly notified that Defendants were relying on the tip-credit to compensate them at less than the regular minimum wage. Defendants' failure to notify Plaintiffs and Class Members regarding the tip-credit and failure to pay Plaintiffs and Class Members minimum wages was a corporate policy that applied to all of Defendants' non-management employees.

62. Plaintiffs have spoken with other non-management employees of Defendants, who similarly were not paid overtime premiums of one and one-half (1.5) times their regular rate for hours over forty (40) each week. Defendants' failure to pay Plaintiffs and Class Members overtime premiums was a corporate policy that applied to all of Defendants' non-management employees.

63. Plaintiffs have spoken with other non-management employees of Defendants, who similarly received their weekly pay in a combination of check and cash and did not receive proper wage statements and/or wage notice. Defendants' failure to provide proper wage statements each week and proper wage notices was a corporate policy that applied to all of Defendants' non-management employees.

## FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT – UNPAID MINIMUM WAGE
### (Brought on Behalf of Plaintiffs and the Collective Action Members)

64. Plaintiffs, on behalf of themselves and the Collective Action Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

65. By failing to properly notify Plaintiffs about the tip credit, Defendants lose the ability to utilize the tip credit against the FLSA's minimum wage. As such, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 206 and 215(a)(2).

66. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

67. Defendants' failure to pay minimum wages for all hours worked caused Plaintiffs and the Collective Action Members to suffer loss of wages and interest thereon. Therefore, Plaintiffs and the Collective Action Members are entitled to recover from Defendants their full unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT – UNPAID OVERTIME
### (Brought on Behalf of Plaintiffs and the Collective Action Members)

68. Plaintiffs, on behalf of themselves and the Collective Action Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

69. By failing to pay overtime at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

70. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

71. Defendants' failure to pay overtime caused Plaintiffs and the Collective Action Members to suffer loss of wages and interest thereon. Plaintiffs and the Collective Action Members are entitled to recover from Defendants their unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## THIRD CAUSE OF ACTION
## NEW YORK LABOR LAW – UNPAID MINIMUM WAGE
### (Brought on Behalf of Plaintiffs and the Class Members)

72. Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

73. By failing to properly notify Plaintiffs about the tip credit, Defendants lose the ability to utilize the tip credit against the NYLL minimum wage. Defendants willfully violated Plaintiffs' and Class Members' rights by failing to pay minimum wage for all hours worked, in violation of the NYLL and regulations promulgated thereunder.

74. Defendants' failure to pay minimum wage for all hours worked caused Plaintiffs and the Class Members to suffer loss of wages and interest thereon. Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid minimum wages, damages for

unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

### FOURTH CAUSE OF ACTION
### NEW YORK LABOR LAW – UNPAID OVERTIME
**(Brought on Behalf of Plaintiffs and the Class Members)**

75. Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

76. Defendants willfully violated Plaintiffs' and the Class Members' rights by failing to pay overtime compensation at a rate of not less than one and one-half times the regular rate of pay for hours worked in excess of 40 each week, in violation of the NYLL and regulations promulgated thereunder.

77. Defendants' failure to pay overtime premium compensation caused Plaintiffs and the Class Members to suffer loss of wages and interest thereon. Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

### FIFTH CAUSE OF ACTION
### NEW YORK LABOR LAW – UNPAID SPREAD-OF-HOURS PREMIUMS
**(Brought on Behalf of Plaintiffs and the Class Members)**

78. Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

79. Defendants willfully violated Plaintiffs' and the Class Members' rights by failing to pay compensation in an amount equal to one hour's pay at the relevant minimum wage in all

instances where the Class Members worked either a split shift or more than 10 hours per day, in violation of the NYLL §§ 650, *et seq.*, and the regulations promulgated thereunder including N.Y. Comp. Code R. & Regs. tit. 12, §§ 137-1.7 (2010), 146-1.6 (2012).

80. Defendants' failure to pay spread-of-hours compensation caused Plaintiffs and the Class Members to suffer loss of wages and interest thereon. Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid spread-of-hours compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq*.

## SIXTH CAUSE OF ACTION
## NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE NOTICE
**(Brought on Behalf of Plaintiffs and the Class Members)**

81. Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

82. Defendants have willfully failed to supply Plaintiffs and the Class Members notice as required by Article 6, § 195, in English or in the language identified by Plaintiffs and the Class Members as their primary language, containing Plaintiffs' and Class Members' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay, if applicable; the regular pay day designated by the employer in accordance with the NYLL, Article 6, § 191; the name of the employer; or any "doing business as" names used by the employer' the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

83.     Due to Defendants' violations of the NYLL, Plaintiffs and the Class Members are entitled to recover from Defendants fifty dollars ($50) per employee for each workweek that the violations occurred up or continue to occur or a total of five thousand dollars ($5,000) per Plaintiff as provided for by NYLL, Article 6, §§ 198(1-b), liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## SEVENTH CAUSE OF ACTION
## NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE STATEMENTS
**(Brought on Behalf of Plaintiffs and the Class Members)**

84.     Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

85.     Defendants have willfully failed to supply Plaintiffs and Class Members with an accurate statement of wages as required by NYLL, Article 6, § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

86.     Due to Defendants' violations of the NYLL, Plaintiffs and the Class Members are entitled to recover from Defendants two hundred and fifty dollars ($250) per employee for each workweek that the violations occurred or continue to occur, or a total of five thousand dollars ($5,000) per employee, as provided for by NYLL, Article 6, §§ 198 (1-d), liquidated damages as

16

provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs, on behalf of themselves and all other similarly situated Collective Action Members and Class Members, respectfully request that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiffs and their counsel to represent the Collective Action Members;

b. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the Class Members and appointing Plaintiffs and their counsel to represent the Class;

c. An order tolling the statute of limitations;

d. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

e. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f. An award of compensatory damages as a result of the Defendants' willful failure to pay minimum wage and overtime premium compensation pursuant to the FLSA, NYLL and supporting regulations;

g. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay minimum wage and overtime premium compensation pursuant to the FLSA, NYLL and supporting regulations;

h. An award of compensatory damages as a result of the Defendants' willful failure to pay spread-of-hours premiums compensation pursuant to the NYLL and supporting regulations;

i. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay spread-of-hours premiums compensation pursuant to the NYLL and supporting regulations;

j. An award of fifty dollars ($50) per Plaintiff and each of the Class Members for each

    workweek that the violations of NYLL, Article 6 § 195(1) pertaining to distribution of wage notice, occurred or continue to occur, or a total of five thousand dollars ($5,000) per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1-b);

k.    An award of two hundred fifty dollars ($250) per Plaintiff and each of the Class Members for each workweek that the violations of NYLL, Article 6 § 195(3) pertaining to distribution of wage statements, occurred or continue to occur, or a total of five thousand dollars ($5,000) per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1-d);

l.    An award of prejudgment and post-judgment interest;

m.    An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

n.    Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
       May 2, 2017

                                       Respectfully submitted,

                                       **PELTON GRAHAM LLC**

                                       By: _____
                                       Brent E. Pelton (BP 1055)
                                       pelton@peltongraham.com
                                       Taylor B. Graham (TG 9607)
                                       graham@peltongraham.com
                                       111 Broadway, Suite 1503
                                       New York, New York 10006
                                       Telephone: (212) 385-9700
                                       Facsimile: (212) 385-0800

                                       *Attorneys for Plaintiffs, the putative*
                                       *FLSA Collective and Class*

## CONSENTIMIENTO PARA SER UN DEMANDANTE

Por mi firma abajo yo autorizo la presentación y tramitación de una acción legal bajo la Ley Federal de Normas Razonables de Trabajo y/o las Normas Laborales del Estado de Nueva York arriba mencionadas, en mi nombre y representación en contra de Bodrum Mediterranean Restaurant y sus respectivos propietarios, gerentes, oficiales, directores, sucesores, predecesores, subsidiarias y afiliados (el "Empleador"). Yo autorizo ser nombrado como **demandante representativo** en esta acción legal para tomar decisiones en nombre de otros demandantes a quienes pueda concernir el resultado de este proceso, el método y la manera en cómo debe llevarse a cabo este litigio, y la decisión de llegar a un acuerdo dentro de la causa y todo lo que concierna a los honorarios profesionales y costas del proceso y cualesquiera otras decisiones relacionadas con este litigio. Yo entiendo que estaré representado por Pelton Graham LLC sin tener que pagar por adelantado costas u honorarios de abogados. Yo entiendo que si los demandantes tienen éxito, los costos asumidos por los abogados en mi nombre serán deducidos de la porción de mi acuerdo en una conciliación o como resultado de una sentencia en juicio. Yo entiendo que mis Abogados podrán solicitar a la Corte que les sean retribuidos los honorarios y costas procesales por parte de los demandados en nombre mío. Yo entiendo que los valores de retención de los Abogados podrán ser ya sea el monto recibido por parte de los demandados o el monto aproximado de 1/3 (33.33%) del total del acuerdo de conciliación o del valor obtenido a través de la sentencia (incluyendo honorarios), cual sea la suma más alta.

_____
Firma

Ivan Martinez Rufino
Nombre Escrito

## CONSENTIMIENTO PARA SER UN DEMANDANTE

Por mi firma abajo yo autorizo la presentación y tramitación de una acción legal bajo la Ley Federal de Normas Razonables de Trabajo y/o las Normas Laborales del Estado de Nueva York arriba mencionadas, en mi nombre y representación en contra de Bodrum Mediterranean Restaurant y sus respectivos propietarios, gerentes, oficiales, directores, sucesores, predecesores, subsidiarias y afiliados (el "Empleador"). Yo autorizo ser nombrado como **demandante representativo** en esta acción legal para tomar decisiones en nombre de otros demandantes a quienes pueda concernir el resultado de este proceso, el método y la manera en cómo debe llevarse a cabo este litigio, y la decisión de llegar a un acuerdo dentro de la causa y todo lo que concierna a los honorarios profesionales y costas del proceso y cualesquiera otras decisiones relacionadas con este litigio. Yo entiendo que estaré representado por Pelton Graham LLC sin tener que pagar por adelantado costas u honorarios de abogados. Yo entiendo que si los demandantes tienen éxito, los costos asumidos por los abogados en mi nombre serán deducidos de la porción de mi acuerdo en una conciliación o como resultado de una sentencia en juicio. Yo entiendo que mis Abogados podrán solicitar a la Corte que les sean retribuidos los honorarios y costas procesales por parte de los demandados en nombre mío. Yo entiendo que los valores de retención de los Abogados podrán ser ya sea el monto recibido por parte de los demandados o el monto aproximado de 1/3 (33.33%) del total del acuerdo de conciliación o del valor obtenido a través de la sentencia (incluyendo honorarios), cual sea la suma más alta.

_____  
Firma

Jose Candia Guerrero  
Nombre Escrito