## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT ("Agreement") is entered into by and between Ivan Martinez ("Martinez"), Jose Candia ("Candia" and, together with Martinez, the "Named Plaintiffs"), Arturo Garcia ("Garcia"), Emmanuel Ponciano ("Ponciano") and Fernando Coyotecatl ("Coyotecatl" and, together with Garcia and Ponciano, the "Opt-in Plaintiffs," individually) (collectively, the "Settling Plaintiffs"), all of whom are represented by Pelton Graham, LLC ("Plaintiffs' Counsel"), and TB 584 Amsterdam Rest. Corp. d/b/a Bodrum Mediterranean Restaurant ("Bodrum" or the "Corporate Defendant"), and its respective subsidiaries, affiliated, and parent companies, predecessors, successors and assigns, as well as its past or present officers, directors, agents, representatives, insurers, employer organizations, or employees, Huseyin Ozer ("Ozer") and Turgut Balikci ("Balikci") (together with Ozer and with their respective heirs, administrators, representatives, successors and assigns, the "Individual Defendants") (collectively, with the Corporate Defendant, the "Defendants"), individually. The Settling Plaintiffs and Defendants may each be referred to as a "Party," or together, be referred to herein as the "Parties."

**WHEREAS**, Plaintiffs Martinez and Candia commenced a lawsuit in the United States District Court for the Southern District of New York subsequently joined by the other Settling Plaintiffs, under docket number 17-cv-3256 (the "Action"), alleging violations of the New York State Labor Law and the Fair Labor Standards Act during the periods which they, respectively, worked for Defendants as follows: Martinez (approximately 2007 to February 2017); Candia (approximately June 2013 to January 2016); Garcia (approximately September 2016 to February 2017); Ponciano (approximately September 2015 to March 2016); and Coyotecatl (approximately September 2014 to June 2017);

**WHEREAS**, Defendants deny any and all claims of wrongdoing and/or allegations of misconduct or other liability to Plaintiffs or others that are contained in Plaintiffs' Action;

**WHEREAS**, the Parties elected to resolve this matter by the terms of this Agreement rather than bear the time and expense of further litigation, including possible trial;

**NOW THEREFORE**, in consideration of the mutual promises and releases contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and intending to be legally bound hereby, the Parties agree as follows:

1. **Settlement.**

   (a) Subject to the approval hereof by Judge Sidney H. Stein, United States District Court for the Southern District of New York, in consideration for the Settling Plaintiffs' settlement of this Action, Defendants agree to pay to the Settling Plaintiffs the total settlement amount of Sixty Thousand Dollars ($60,000.00) (the "Settlement Amount"), consisting of Thirty-Nine Thousand Four Hundred and Forty-Three Dollars and Fifty-Nine Cents ($39,443.59), which is payable directly to Plaintiffs, and Twenty Thousand Five Hundred and Fifty-Six Dollars and Forty-One Cents ($20,556.41), including $834.64 expense

reimbursement and $19,721.77 in reasonable attorneys' fees. Defendants shall make payment of the Settlement Amount in installments as follows:

- **Payment 1**: one initial payment of Fifteen Thousand Dollars ($15,000.00), pursuant to Schedule A, to be delivered to Plaintiffs' counsel's office within ten (10) days following the Court's approval of the terms of the settlement.

- **Payments 2-19**: eighteen (18) subsequent equal monthly installments of Two Thousand Five Hundred Dollars ($2,500.00), to be delivered to Plaintiffs' Counsel's office starting within thirty (30) days of Payment 1.

(b) Payments 1 through 19 shall paid by delivery of six (6) checks aggregating the agreed Settlement Amount, pursuant to Schedules "A" and "B" attached hereto. All checks will be delivered to Plaintiffs' Counsel at their office, Pelton Graham LLC, Attn: Brent E. Pelton, Esq., 111 Broadway, Suite 1503, New York, New York 10006.

2. **Mutual General Releases.**

(a) In consideration of the Parties' willingness to enter into this Agreement, and in consideration for the stipulations of the Parties contained in this Agreement, including the payment of the Settlement Amount, the Parties, with the intention of binding themselves, their heirs, beneficiaries, trustees, administrators, executors, assigns and legal representatives, hereby mutually, irrevocably and unconditionally release, waive and forever discharge each other from, and hereby acknowledge full accord and satisfaction of, any and all past and present matters, claims, demands, causes of action, and appeals of any kind, whether at common law, pursuant to statute, ordinance or regulation, and whether arising under federal, state, local or other applicable law (the "Released Claims"). The Released Claims include, without limitation, claims under the FLSA, the New York Minimum Wage Act, New York Labor Law §§ 650 et seq., the New York Wage Payment Act, New York Labor Law §§ 190 et seq., the New York Department of Labor regulations, 12 N.Y.C.R.R. part 142, all other statutes and regulations related to the foregoing, and all claims that were made or could have been made in this case.

(b) However, nothing herein shall release or preclude: (i) any claims that arise after execution of this Agreement; (ii) any claims that cannot be waived by operation of law; and/or (iii) any right to file a charge with the United States Equal Employment Opportunity Commission ("EEOC") or the National Labor Relations Board ("NLRB").

(c) This Agreement and the release and discharge contained in this paragraph 2 shall also apply to the Parties' respective insurers, past and present contractors, officers, directors, attorneys, agents, servants, representatives, employees, partners, owners, shareholders, members, predecessors and successors in interest and assigns and affiliates, if any.

3. **Representations and Warranties.**

The Parties each represent, warrant to and agree with the other as follows:

    (a) The terms of this Agreement are contractual and are the result of negotiations between the Parties, and each party has given consideration in return for having received consideration due to concessions and good faith bargaining by both Plaintiffs and Defendants as to the terms of the settlement;

    (b) This Agreement has been carefully read by each of the Parties after consultation with their respective attorneys or advisors to the extent they deem appropriate and the contents hereof are known to and understood by each of the Parties. It is signed freely on an informed basis and with due authority by each Party executing this Agreement and is binding and enforceable in accordance with its terms.

## 4. Voluntary Dismissal with Prejudice.

    (a)    Plaintiffs hereby authorize and direct their attorney, upon their execution of this Agreement, to execute and file with the United States District Court for the Southern District of New York, a Stipulation of Discontinuance with Prejudice in this action in the form annexed hereto as Exhibit A. Such Stipulation shall be filed by counsel for Plaintiffs immediately after court approval of this settlement.

    (b)    Plaintiffs hereby authorize and direct their attorneys to dismiss the action with prejudice.

## 5. No Admission.

This Agreement shall not be construed as an admission by either Party of any wrongdoing or liability of whatever nature. Defendants do not admit to liability or to the suitability of the current action for class or collective litigation, both of which are expressly denied.

## 6. Applicable Law.

This Agreement shall be governed by, interpreted, constructed and enforced in accordance with the laws of the State of New York.

## 7. Mutual Non-Disparagement

The Parties agree that they each shall not, directly or indirectly, at any time, make any statement (whether written, oral, electronic, or otherwise) or otherwise take any action that would or might reasonably be interpreted as harmful or disparaging to any of the Parties. For purposes of the preceding sentence, "disparaging" shall mean any statement or communication, whether verbal or written, that would tend to lessen the stature or standing of the Company in the eyes of an ordinary and reasonable person in the community, but will not preclude the Parties from making

00040491.2

good faith statements in the context of any judicial, administrative, arbitration, mediation o rother legal proceeding. Nothing in this paragraph shall preclude the Parties from truthfully communicating their experiences concerning the Action or the Settlement.

## 8. Breach of Agreement

Judge Stein will retain jurisdiction over the Action to enforce the Parties' Agreement. Breach of any of the provisions of this Agreement by any Party to this Agreement shall be determined solely by the judge presiding over the Action. This Agreement shall be governed by and interpreted in accordance with the laws of the State of New York.

## 9. Severability.

The provisions of this Agreement are severable. If any provision of this Agreement is held invalid, the invalidity shall not affect other provisions or application of the Agreement that can be given effect without the invalid provision or application.

## 10. No Other Representations or Agreements.

Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement. This Agreement constitutes and contains the entire agreement among the parties and supersedes and replaces all prior negotiations and all agreements, proposed or otherwise, written or oral, concerning the subject matter hereof.

## 11. No Modification Except in Writing.

This Agreement cannot be modified or changed except by writing, signed by the parties, with specific reference to this Agreement.

## 12. Execution in Counterpart.

This Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall constitute a complete Agreement.

**BY SIGNING THIS AGREEMENT**, the Parties state that they have carefully read the Agreement, fully understand it and are signing it voluntarily.

**THEREFORE**, the Parties to this Settlement Agreement now voluntarily, freely and knowingly execute this Agreement.

00040491.2

_____     Dated: March  20, 2018
Ivan Martinez

_____     Dated: March  16, 2018
Jose Candia

_____     Dated: ~~March~~ APRIL 11, 2018
Arturo Garcia

_____     Dated: March  20, 2018
Emmanuel Ponciano

_____ Fernando Coyotecatl  Dated: March 20, 2018
Fernando Coyotecatl


_____
TB 584 AMSTERDAM REST. CORP.
d/b/a Bodrum Mediterranean Restaurant


By: _____
Dated: _____


_____     Dated: March ____, 2018
Huseyin Ozer, Individually


_____     Dated: March ____, 2018
Turgut Balicki, Individually


00040491.2

_____  Dated: March _____, 2018
Ivan Martinez

_____  Dated: March _____, 2018
Jose Candia

_____  Dated: March _____, 2018
Arturo Garcia

_____  Dated: March _____, 2018
Emmanuel Ponciano

_____  Dated: March _____, 2018
Fernando Coyotecatl


_____
TB 584 AMSTERDAM REST. CORP.
d/b/a Bodrum Mediterranean Restaurant

By: _*[signature: Turgut Balicki]*_____
Dated: _____

_*[signature]*_____  Dated: March _____, 2018
Huseyin Ozer, Individually

_*[signature: Turgut Balicki]*_____  Dated: March _____, 2018
Turgut Balicki, Individually


00040491.1

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IVAN MARTINEZ and JOSE CANDIA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>-against-<br><br>TB 584 AMSTERDAM REST. CORP. d/b/a BODRUM MEDITERRANEAN RESTAURANT, HUSEYIN OZER and TURGUT BALIKCI, Jointly and Severally,<br><br>Defendants. | 17 Civ. 03256 (SHS) |

**STIPULATION OF DISMISSAL WITH PREJUDICE**

IT IS HEREBY STIPULATED AND AGREED by and between the parties in the above captioned action through their undersigned counsel that, in accordance with Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, the Complaint in the above-captioned action and all claims alleged therein to be dismissed with prejudice, with each party to bear their own fees and costs; and that Plaintiff is precluded from bringing any further claims under the Fair Labor Standards Act or New York Labor Law, or any federal, state or local law, for unpaid wages, including overtime pay, for the period set forth in Plaintiff's Complaint.

IT IS HEREBY FURTHER STIPULATED AND AGREED that this Court shall retain jurisdiction to enforce the parties' Settlement Agreement.

**PELTON GRAHAM LLC**                    **RANDALL S. D. JACOBS, PLLC**

| | |
|---|---|
| By: _____ | By: _____ |
| Brent E. Pelton, Esq. | Randall S. D. Jacobs, Esq. |
| Taylor B. Graham, Esq. | 30 Wall Street |
| 111 Broadway, Suite 1503 | New York, NY 10005 |
| New York, New York 10006 | Tel.: (973)-226-3301 |
| Tel.: (212) 385-9700 | |
| *Attorneys for Plaintiffs* | *Attorney for Defendants* |

**SO ORDERED**

**DATED this __day of _____, 2018**

_____
**HONORABLE SIDNEY H. STEIN**
**UNITED STATES DISTRICT JUDGE**